IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**RYAN E. OGAN**,

          Plaintiff,

   v.

**NEWPORT CAFE; DAVID SEE**;

          Defendants.

Civ. No. 6:23-cv-00452-AA

**OPINION & ORDER**

AIKEN, District Judge.

    Pro Se Plaintiff Ryan. E. Ogan, seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, Plaintiff's IFP application is GRANTED. However, Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's request for pro bono counsel, ECF No. 3, is DENIED with leave to refile.

## BACKGROUND

    On March 29, 2023, Plaintiff filed a civil Complaint, ECF No. 1., along with an application for leave to proceed IFP, ECF No. 2. The Complaint names as Defendants the Newport Cafe, a business operating as a restaurant located in Newport, Oregon, and David See, the proprietor of the restaurant in his individual capacity.

    Plaintiff asserts that the basis of his claims arose from an incident at Defendants' restaurant on August 25, 2022. Plaintiff alleges he attempted to dine at

the Newport Café, when an employee "thought [Plaintiff] was drunk and hesitated to seat [him]." Compl. at 4. Plaintiff claims that, as he walked out of the restaurant, he mumbled the word "asshole" and that an employee followed him outside. *Id.* Plaintiff maintains that "three or four more [employees] joined the confrontation," and "eventually" Plaintiff was "head-butted in the cheekbone." *Id.*

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal

pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings his claim under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, asserting "reasonable accommodation [at] a public entity." Compl. at 6. Plaintiff states that he was assaulted because he was "perceived . . . as drunk." *Id.* Liberally construed, the Court reads Plaintiff's claim as one under Title III of the ADA, which prohibits discrimination against individuals on the basis of disability "in

the full and equal enjoyment" of the goods or services offered by a place of public accommodation. 42 U.S.C. §12182(a). Under Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to "participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

In the Ninth Circuit, to prevail on an ADA Title III claim, "the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citations omitted). To prevail on such a claim, Plaintiff must allege facts to support each element of the claim.

The first element requires Plaintiff to provide factual allegations that he is protected by the ADA as a person with a disability. A disability under the ADA is defined as a person with a physical or mental impairment that substantially limits one or more life activities. 42 U.S.C.A. § 12102(1)(A). The definition also includes those who have a history or record of such an impairment, or those who are perceived by others as having such an impairment. *Id.* The second element provides that the defendant is a private entity that owns, leases, or operates a place of public accommodation. The ADA includes a "restaurant, bar, or other establishment serving food or drink" as a category of public accommodation, among others. 42 U.S.C.A. § 12181(7)(B). Lastly, Plaintiff must have been denied public accommodations by the

defendant because of a disability. The ADA provides several different ways in which a public accommodation can be deemed discriminatory, including the denial of entry, failure to make reasonable modifications for individuals with disabilities, providing unequal service, or other discriminatory practices. 42 U.S.C. § 12182(b)(1)–(2).

To summarize, Title III of the ADA provides that individuals may not be discriminated against due to a disability or perceived disability in a public place. To prove this, the individual must have a disability as defined by the ADA, and the place in which the incident occurred must have failed to provide reasonable accommodation to allow him the full and equal enjoyment of the public place because of the disability.

Here, the Complaint does not allege a disability as defined under the ADA or how the public entity failed e to accommodate plaintiff based on a disability. And Plaintiff does not allege any policy or practice that fails to accommodate people with a disability. Plaintiff has not pled facts sufficient for the court—or Defendants—to infer how the incident violated the ADA. Plaintiff describes a physical altercation that started because he was drunk or because Defendants thought he was drunk, and being drunk or perceived as drunk is not a disability under the ADA.

Plaintiff seeks damages of $200,000, for his injuries and emotional and psychological damage. Compl. at 4. However, monetary damages are not recoverable under Title III of the ADA—only injunctive relief is available. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)). Injunctive relief is a type of remedy in which a party is restrained from doing something or is compelled to take action in a certain way—it does not include monetary compensation. If

Plaintiff is seeking to press criminal charges for the physical altercation, this is not the proper vehicle. Only the state can bring criminal charges. *Wayte v. U.S.*, 470 U.S. 598, 607 (1985) (citations omitted).

Plaintiff's Complaint falls below the federal pleading standards and must be dismissed. As Plaintiff is pro se, dismissal shall be with leave to amend, and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about Plaintiff's case or the specific claims other than what is included in the complaint.

Plaintiff also requests pro bono counsel. ECF No. 3. There is no constitutional right to counsel in a civil case where, as here, a litigant's liberty is not at issue. See *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). A court may request, but cannot compel, counsel to appear pro bono on a plaintiff's behalf. *See* 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). The Court's discretion to appoint pro bono counsel is governed by several factors, including a plaintiff's likelihood of success on the merits and ability to articulate the claims in light of their complexity. A plaintiff must also show "exceptional circumstances" that support the appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). At this time, the Court does not find that exceptional circumstances warrant appointment of counsel. Plaintiff's motion is DENIED with leave to refile.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP, ECF No. 2, is GRANTED. Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED with leave to refile. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___14th___ day of November 2023.

                                                  /s/Ann Aiken
                                                  ANN AIKEN
                                                  United States District Judge